United States District Court
District of Massachusetts

_____
                                   )
**UNITED STATES OF AMERICA**       )
    **Plaintiff,**    )
                                   )
    **v.**            )  Criminal No.
                                   )  06-10385-NMG
**CARLIN RIGAUD,**                 )
    **Defendant.**    )
_____)

**MEMORANDUM & ORDER**

**GORTON, J.**

On December 19, 2008, this Court sentenced defendant Carlin Rigaud to 120 months incarceration after he pled guilty to seven counts of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), and one count of conspiracy to distribute and possess cocaine base with intent to distribute, in violation of 21 U.S.C. § 846.

**I.  Motion to Review and Amend Sentence**

Rigaud now moves for a review and amendment of his sentence in light of the Fair Sentencing Act of 2010, 21 U.S.C. § 841(b)(1)(B) ("the FSA"), which raised the quantities of cocaine base necessary to trigger mandatory minimum sentences. In accordance with the FSA, the United States Sentencing Guidelines were amended on November 1, 2010 to reduce the base offense levels for specific quantities of cocaine base.

## II. Analysis

The First Circuit Court of Appeals has explicitly held that the FSA does not apply retroactively to persons whose wrongful conduct occurred before August 3, 2010. United States v. Goncalves, 642 F.3d 245, 254-55 (1st Cir. 2011). Thus, the FSA does not apply to Rigaud's sentencing because his wrongful conduct occurred long before August 3, 2010.

Rigaud's motion is presumably prompted by the First Circuit's recent decision in United States v. Douglas, 644 F.3d 39 (1st Cir. 2011), in which the court created an exception to the general rule that the FSA does not apply retroactively. In Douglas, defendant's wrongful conduct and guilty plea occurred before the FSA and the amended Sentencing Guidelines went into effect. Nevertheless, the Court held that the FSA was correctly applied at the defendant's sentencing because the sentencing occurred after November 1, 2010 when the corresponding amendments to the Sentencing Guidelines were in effect. Id. (pin-cite not available). The Court concluded that Congress intended to apply the FSA to the same sentences to which the new Sentencing Guidelines applied, i.e. sentences imposed after November 1, 2010, despite the fact that the wrongful conduct may have occurred before August 3, 2010.

Rigaud's case is readily distinguishable from Douglas because, not only was he sentenced well before November 1, 2010,

he was also sentenced well before the enactment of the FSA. Thus, there is no basis upon which the FSA or the amended Sentencing Guidelines can or should be applied to Rigaud's sentence and his motion for re-sentencing will be denied.

**ORDER**

In accordance with the foregoing, defendant's motion for a review and amendment of his sentence (Docket No. 151) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton  
Nathaniel M. Gorton  
United States District Judge

Dated August 8, 2011